UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

CARLOS CAPA,

                  Plaintiff,

      -against-

AWESOME TRANSPORTATION, INC., CACTUS
HOLDINGS, INC., and CARLOS SMITH,

                  Defendants.

--------------------------------------------------------------------------X

Docket No.: **19-CV-485**

**NOTICE OF REMOVAL**

Supreme Court,
Queens County

Index No.: 716437/2018

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK:

        Defendants AWESOME TRANSPORTATION, INC., CACTUS HOLDINGS, INC., and

CARLOS SMITH, (hereinafter collectively referred to as the "Defendants"), by their attorneys

Milber Makris Plousadis & Seiden, LLP, by John P. Grisafi, Esq., upon information and belief,

respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

        1.      On October 26, 2018, the above-captioned civil action was commenced and is now

pending in Supreme Court of the State of New York, County of Queens. A trial has not been had

therein. A copy of the Summons and Verified Complaint are annexed hereto as **Exhibit "A."**

        2.      In the Verified Complaint, Plaintiff seeks monetary damages for injuries allegedly

caused by Defendants in the negligence, ownership, operation, maintenance, management, and

control of their vehicle. (*See* Exhibit "A" at ¶¶s 37 and 40).

        3.      The Verified Complaint alleges, *inter alia*, that Plaintiff was caused to sustain

"grievous personal injuries to various parts of his "body and limbs" and "has been caused to suffer

damages in a sum greater than the jurisdictional limits of all other courts that would otherwise

have jurisdiction hereof." (*See* Exhibit "A" at ¶¶s 38 and 43).

4.     On November 7, 2018, Defendant, Awesome Transportation Inc., (hereinafter referred to as Defendant, "Awesome Transportation") received the Verified Complaint by service upon "Maria Sanchez", an individual listed as an "Authorized Agent" who specifically stated she was authorized to accept service on behalf of Defendant, Awesome Transportation. A copy of the Affidavit of Service demonstrating service of process upon Defendant, Awesome Transportation, is annexed hereto as **Exhibit "B."**

5.     On November 7, 2018, Defendant, Cactus Holdings, Inc., (hereinafter referred to as Defendant, "Cactus Holdings") received the Verified Complaint by service upon "Maria Sanchez", an individual listed as an "Authorized Agent" who specifically stated she was authorized to accept service on behalf of Defendant, Cactus Holdings. A copy of the Affidavit of Service demonstrating service of process upon Defendant, Cactus Holdings, is annexed hereto as **Exhibit "C."**

6.     To date, Defendant, Carlos Smith (hereinafter referred to as Defendant "Smith"), has *not* been served with the Summons and Verified Complaint.

7.     On November 26, 2018, the parties entered into a Stipulation extending the time for Defendants to respond to the Summons and Verified Complaint, up to and including, December 20, 2018. A copy of the fully executed Stipulation extending time for Defendants' to respond to the Summons and Verified Complaint is annexed hereto as **Exhibit "D."**

8.     On December 14, 2018, Defendants joined issue by filing a Verified Answer. A copy of Defendants' Verified Answer is annexed hereto as **Exhibit "E."**

**REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURSIDICTION UNDER 28 U.S.C. § 1332**

9.     This action is removable from the Supreme Court of New York, County of Queens, to the United States District Court for the Eastern District of New York, as the Court has original

jurisdiction pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

**A.**    **There is Complete Diversity of Citizenship Between the Parties**

10.    28 U.S.C. § 1332(a)(1) requires that an action founded on diversity jurisdiction be between citizens of different states.

11.    There is complete diversity between Plaintiff and Defendants in that, upon information and belief: (a) Plaintiff is a citizen of the State of Pennsylvania; (b) Defendant, Awesome Transportation is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of New York, with a principal place of business at 47-05 Metropolitan Avenue, Ridgewood, in the State of New York, 11385-1046; (c) Defendant, Cactus Holdings is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Delaware with a principal place of business at 47-05 Metropolitan Avenue, Ridgewood, in the State of New York, 11385-1046; and (d) Defendant, Smith is now and was, at the time the action was commenced, a citizen of the State of Virginia (*See* Exhibit "A").

12.    There are no other parties to this matter other than Plaintiff and Defendants.  Thus, there is complete diversity in citizenship between Plaintiff and Defendants, which satisfies 28 U.S.C. § 1332(a)(1).

**B.**    **The Amount-In-Controversy Requirement is Satisfied**

13.    Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interests and costs."

14.    Plaintiff alleges in the Verified Complaint, *inter alia*, that Plaintiff was caused to sustain "grievous personal injuries to various parts of his body and limbs" and "has been caused to suffer damages in a sum greater than the jurisdictional limits of all other courts that would

3

otherwise have jurisdiction hereof." (*See* Exhibit "A" at ¶¶s 38 and 43). Plaintiff also seeks the costs and disbursements of the action. (*See* Exhibit "A" at the "Wherefore" Clause).

15.     Further, on November 16, 2018, this office requested Plaintiff's counsel to cap damages at $75,000, by executing an attached proposed Stipulation capping damages at $75,000. Plaintiff was advised that failure to execute the Stipulation by November 20, 2018, would be deemed as a rejection to cap damages and the damages claimed are in excess of $75,000. A copy of the November 16, 2018 letter and the proposed Stipulation are collectively annexed hereto as **Exhibit "F."**

16.     To date, Plaintiff's counsel has not executed and has refused to execute the aforementioned proposed Stipulation. Based on the foregoing, the potential damages at issue in this matter exceed the jurisdictional amount of $75,000.

17.     Written notice of the filing of this Notice of Removal will be given to Plaintiff promptly after the filing of this Notice.

18.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Queens, promptly after the filing of this Notice.

19.     Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

20.     By filing this Notice of Removal, Defendants do note waive any defense which may be available to them, specifically including, but not limited to, its right to contest *in personam* jurisdiction, improper service of process and the absence of venue in this Court of the Court from which action has been removed.

21.     No previous Notice of Removal has been filed or application made to this Court for

the relief sought herein.

      **WHEREFORE**, Defendants respectfully request that the above-captioned action now pending in Supreme Court of the State of Ne York, County of Queens, be removed therefrom to this Court.

Dated:  Woodbury, New York
          January 22, 2019

                                        MILBER MAKRIS PLOUSADIS
                                        & SEIDEN, LLP

                   By:          _____
                                         JOHN P. GRISAFI (JG 3388)
                                        Attorneys for Defendants
                                        AWESOME TRANSPORTATION, INC.,
                                        CACTUS HOLDINGS, INC., and
                                        CARLOS SMITH
                                        1000 Woodbury Road, Suite 402
                                        Woodbury, New York 11797
                                        (516) 712-4000
                                        File No.: 0010-16424

To:    Marshall S. Bluth, Esq.
       Attorney for Plaintiff
       233 Broadway, Suite 1800
       New York, New York 10279
       (212) 448-1130