# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X

CARLOS CAPA,

                      Plaintiffs,

           -against-

AWESOME TRANSPORTATION, INC., CACTUS
HOLDINGS, INC., and CARLOS SMITH,

                      Defendants.
------------------------------------------------------------X

Index No.
Filed:

Plaintiff designates
QUEENS COUNTY
as the place
of trial.

The basis of venue
is Place of Occurrence

**SUMMONS**

To the above named Defendants

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days from the date of service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       October 23, 2018

                        MARSHALL S. BLUTH, ESQ.
                        Attorney for Plaintiff
                        233 Broadway, Suite 1800
                        New York, New York 10279
                        212-448-1130

DEFENDANTS' ADDRESS:

AWESOME TRANSPORTATION, INC.
47-05 Metropolitan Ave.
Ridgewood, NY 11385

CACTUS HOLDINGS INC.
47-05 Metropolitan Ave.
Ridgewood, NY 11385

CARLOS SMITH
1250 Ocean Ave
Brooklyn, NY 11230

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

CARLOS CAPA,

                     Plaintiff,

      -against-

AWESOME TRANSPORTATION, INC., CACTUS
HOLDINGS, INC., and CARLOS SMITH,

                     Defendants.
-------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

      Plaintiffs, by their attorney, MARSHALL S. BLUTH, ESQ., complaining of the defendants herein, respectfully sets forth and alleges, upon information and belief, as follows:

      1.    That at all times herein mentioned, the plaintiff, CARLOS CAPA, was and still is a resident of the State of Pennsylvania.

      2.    That at all times herein mentioned, the defendant, AWESOME TRANSPORTATION, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      3.    That at all times herein mentioned, the defendant, AWESOME TRANSPORTATION, INC., was and still is a foreign corporation duly authorized to do business in the State of New York.

      4.    That at all times herein mentioned, the defendant, CACTUS HOLDINGS, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times herein mentioned, the defendant, CACTUS HOLDINGS, INC., was and still is a foreign corporation duly authorized to do business in the State of New York.

6. That at all times herein mentioned, the defendant, CARLOS SMITH, was and still is a resident of the County of Kings, City and State of New York.

7. That on August 11, 2017, the defendant, CARLOS SMITH, was an employee of defendant, AWESOME TRANSPORTATION, INC.

8. That on August 11, 2017, the defendant, CARLOS SMITH, was an employee of defendant, CACTUS HOLDINGS, INC.

9. That on August 11, 2017, the defendant, CARLOS SMITH, was an agent of defendant, AWESOME TRANSPORTATION, INC.

10. That on August 11, 2017, the defendant, CARLOS SMITH, was an agent of defendant, CACTUS HOLDINGS, INC.

11. That on August 11, 2017, the defendant, AWESOME TRANSPORTATION, INC., was the owner of a 1996 motor vehicle bearing New York State registration number 96139PA.

12. That on August 11, 2017, the defendant, AWESOME TRANSPORTATION, INC., leased the said 1996 motor vehicle bearing New York State registration number 96139PA.

13. That on August 11, 2017, the defendant, AWESOME TRANSPORTATION, INC., by its servant, agent and/ or employee, was operating the said 1996 motor vehicle bearing New York State registration number 96139PA.

14. That on August 11, 2017, the defendant, AWESOME

TRANSPORTATION, INC., by its servant, agent and/ or employee, managed the said 1996 motor vehicle bearing New York State registration number 96139PA.

15. That on August 11, 2017, the defendant, AWESOME TRANSPORTATION, INC., by its servant, agent and/ or employee, maintained the said 1996 motor vehicle bearing New York State registration number 96139PA.

16. That on August 11, 2017, the defendant, AWESOME TRANSPORTATION, INC., by its servant, agent and/ or employee, controlled the said 1996 motor vehicle bearing New York State registration number 96139PA.

17. That on August 11, 2017, the defendant, CACTUS HOLDINGS, INC., was the owner of a 1996 motor vehicle bearing New York State registration number 96139PA.

18. That on August 11, 2017, the defendant, CACTUS HOLDINGS, INC., leased the said 1996 motor vehicle bearing New York State registration number 96139PA.

19. That on August 11, 2017, the defendant, CACTUS HOLDINGS, INC., by its servant, agent and/ or employee, was operating the said 1996 motor vehicle bearing New York State registration number 96139PA.

20. That on August 11, 2017, the defendant, CACTUS HOLDINGS, INC., by its servant, agent and/ or employee, managed the said 1996 motor vehicle bearing New York State registration number 96139PA.

21. That on August 11, 2017, the defendant, CACTUS HOLDINGS, INC., by its servant, agent and/ or employee, maintained the said 1996 motor vehicle bearing New York State registration number 96139PA.

22. That on August 11, 2017, the defendant, CACTUS HOLDINGS, INC., by its servant, agent and/ or employee, controlled the said 1996 motor vehicle bearing New York State registration number 96139PA.

23. That on August 11, 2017, the defendant, CARLOS SMITH, was the operator of the said 1996 motor vehicle bearing New York State registration number 96139PA.

24. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA, within the scope of his employment with defendant AWESOME TRANSPORTATION, INC.

25. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA, in the course of his employment with defendant AWESOME TRANSPORTATION, INC.

26. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA with the expressed and implied consent of AWESOME TRANSPORTATION, INC.

27. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA with the expressed and implied knowledge of AWESOME TRANSPORTATION, INC.

28. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA with the expressed and implied permission of AWESOME TRANSPORTATION, INC.

29. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA, within

the scope of his employment with defendant CACTUS HOLDINGS, INC.

30. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA, in the course of his employment with defendant CACTUS HOLDINGS, INC.

31. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA with the expressed and implied consent of CACTUS HOLDINGS, INC.

32. That on August 11, 2017, the defendant, CARLOS SMITH, operated the said 1996 motor vehicle bearing New York State registration number 96139PA with the expressed and implied knowledge of CACTUS HOLDINGS, INC.

33. That on August 11, 2017, the defendant, CARLOS SMITH, operated the aforementioned motor vehicle with the expressed and implied permission of CACTUS HOLDINGS, INC.

34. That on August 11, 2017, the plaintiff, CARLOS CAPA, was the operator of a 2015 Nissan motor vehicle bearing New York State registration number GV636115.

35. That at all times herein mentioned, Northern Blvd, at or about the intersection of 87th Street, in the County of Queens, City and State of New York, was and still is a public thoroughfare and highway located in the County of Queens, City and State of New York.

36. That on the 11th day of August 2017, at or about the intersection of Northern Blvd and 87th Street, in the County of Queens, City and State of New York, the said 1996 motor vehicle bearing New York State registration number 96139PA and the said 2015 Nissan motor vehicle bearing New York State registration number GV636115

were in collision with each other.

37. That the defendants were negligent in the ownership, operation, maintenance, management and control of their said vehicle; in that they failed to keep their vehicles under proper and safe control; in that they operated said vehicles at an improper speed under the existing traffic conditions; in that they suddenly, and without warning, collided with plaintiff's vehicle; in proceeding at a high rate of speed under the existing circumstances; in failing to give the right of way; in failing to make proper use of braking mechanisms; in failing to make proper use of steering mechanisms; in failing to keep a proper lookout; in failing to take steps to avoid the occurrence; in causing the defendants' vehicle to collide with plaintiff's; and defendants were otherwise negligent, careless, and reckless in the premises.

38. That by reason of the foregoing, the plaintiff, CARLOS CAPA, sustained grievous personal injuries to various parts of his body and limbs; suffered shock to his nerves and nervous system; suffered and will continue to suffer great pain and anguish in body and mind; that he has received necessary hospital care by reason of the injuries sustained; that he has necessarily received, are receiving and will continue to receive medical care and treatment in connection with the injuries suffered by him, and in connection with which expenses have, are and will continue to be incurred; that he has been greatly incapacitated and has been unable to attend to his usual duties as he had theretofore done, and his injuries are permanent, protracted and disabling in nature.

39. That as the result of the foregoing, the plaintiff suffered a "serious injury" as defined by §5102, Subd. (d) of the Insurance Law of the State of New York.

40. That by reason thereof, the plaintiff is entitled to recover for non-economic

loss and for such economic losses as are not included within the definition of "basic economic loss" as set forth in §5102, Subd.(a) of the Insurance Law of the State of New York.

41. That the plaintiff is a "covered person" as defined in §5102 (j) of the Insurance Law of the State of New York.

42. That any joint and several liability of the defendants is not limited by CPLR 1601, by reason of the exceptions set forth in Article 16 of the CPLR.

43. That by reason of the foregoing, the plaintiff, CARLOS CAPA, has been caused to suffer damages in a sum greater than the jurisdictional limits of all other courts that would otherwise have jurisdiction hereof.

**WHEREFORE**, the plaintiff demands judgment against the defendants in a sum greater than the jurisdictional limits of all other courts that would otherwise have jurisdiction hereof, together with the costs and disbursements of this action.

Yours, etc.,

MARSHALL S. BLUTH, ESQ.
Attorney for Plaintiffs
233 Broadway, Suite 1800
New York, New York 10279
212-448-1130

## VERIFICATION

MARSHALL BLUTH, under the penalty of perjury and pursuant to CPLR hereby affirms the truth of the following:

That deponent is the attorney for the claimant(s) in the within action; that deponent has read the foregoing Summons and Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true. The reason that this verification is not made by the claimant(s) and is made by deponent is that claimant(s) does not reside in the County wherein the deponent maintains his office.

Deponent further states that the grounds of deponent's belief as to all matters not stated upon my own knowledge are documents and information contained in deponent's file.

Dated: New York, New York
October 23, 2018

_____
MARSHALL BLUTH

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X

CARLOS CAPA,

                Plaintiff,

       -against-

AWESOME TRANSPORTATION, INC, CACTUS
HOLDINGS, INC., and CARLOS SMITH,

                Defendants.
---------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

---

**MARSHALL S. BLUTH, ESQ.**
*Attorneys for Plaintiff(s)*
233 Broadway, Suite 1800
New York, NY 10279
(212) 448-1130

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

                            MARSHALL S. BLUTH, ESQ.

*PLEASE TAKE NOTICE*

NOTICE OF ENTRY    that the within is a xxxxxxxxxxx true copy of a entered in the office of the Clerk of the within named Court on         20 .

NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented to the Hon.         , one of the judges of the within named Court, at ,
on
20   at   M.

Dated:

                            MARSHALL S. BLUTH, ESQ.
                            *Attorneys for Plaintiff(s)*
                            *233 Broadway, Suite 1800*
                            *New York, NY 10279*

TO:
       Attorneys for Defendants